IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00203-CV

 

In re
Energy Transfer Fuel, LP

 

 



Original Proceeding

 

 



Opinion



 

            The Petition for Writ of Mandamus
filed June 28, 2007 is dismissed for want of jurisdiction.  The Relator
seeks a writ of mandamus against the 3rd Judicial District Court judge.[1] 
The 3rd Judicial District Court is composed of Anderson, Henderson, and Houston Counties.  Tex. Gov’t. Code Ann.
§ 24.103 (Vernon 2004).  The particular proceeding from which this
mandamus proceeding arises was filed in Anderson County.  The Tenth Court
of Appeals does not have jurisdiction of the trial court judge for the 3rd
Judicial District, see Tex.
Gov’t. Code Ann. § 22.221(b)(2) (Vernon 2004), nor of appeals arising
out of proceedings originating in Anderson County, Texas.  Tex. Gov’t. Code Ann. § 22.201(k) (Vernon Supp. 2006).  Therefore we do not have jurisdiction of the petition for writ of
mandamus seeking to compel the 3rd Judicial District trial court judge to set
aside a March 24, 2006 judgment that the Relator contends is void. 
Because we have dismissed the petition for want of jurisdiction, we also
dismiss Relator’s “Motion For Emergency Relief To Stay Underlying Proceedings.”

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Petition
dismissed

Motion
dismissed

Opinion
delivered and filed June 29, 2007

[OT06]









[1] 
Deborah Oakes Evans, the elected judge of
the 87th Judicial District Court, signed the judgment complained of while
sitting as the judge of the 3rd Judicial District Court.  The 87th
Judicial District Court is composed of Anderson, Freestone, Limestone, and Leon Counties.  Tex. Gov’t. Code Ann. §
24.189 (Vernon 2004).  Three of these counties, Freestone, Limestone, and Leon Counties, are in the Tenth Court of Appeals District.  Tex. Gov’t. Code Ann. § 22.201(k) (Vernon Supp. 2006). 
We do not decide the question of whether we have jurisdiction to render a Writ
of Mandamus against the 87th Judicial District Court in a mandamus proceeding
arising out of a matter pending in Anderson County.








m to raise any
points that he chooses; the court—not counsel—then proceeds, after a full examination
of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it
may grant counsel's request to withdraw and dismiss the appeal insofar as federal
requirements are concerned, or proceed to a decision on the merits, if the state law so
requires. On the other hand, if it finds any of the legal points arguable on their merits
(and therefore not frivolous) it must, prior to decision, afford the indigent the assistance
of counsel to argue the appeal.
Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d 493.
      After counsel files a proper Anders brief, the court of appeals must conduct its own review
of the record to ascertain if there are any arguable grounds for the appeal. Stafford, 813 S.W.2d
at 511. Counsel filed an Anders brief asserting that he had reviewed the entire appellate record
and, in his professional opinion, appeal of the judgment is frivolous and without merit. Counsel's
brief states that the indictment alleged all necessary elements of the charged offense. No motion
to quash the indictment was filed. The State made no plea-bargain agreement with Appellant. 
After Appellant's plea of no contest was entered, a finding of guilt was withheld and a presentence
investigation was completed.
      The record shows that Appellant waived his right to a jury trial, that he understood his rights,
that he had read and freely signed the instrument denominated "Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession" and had fully reviewed it with his attorney. He
further stated that he understood his rights and voluntarily waived them.
      The evidence was clearly sufficient to establish his guilt. The trial court informed Appellant
of the range of punishment for this offense.
      The punishment is within the range prescribed by law. Appellant admitted to a misdemeanor
record involving four prior convictions, namely, assault, reckless conduct, driving while
intoxicated, and possession of marihuana.
      Counsel served a copy of his brief upon Appellant and informed Appellant by letter that, in
counsel's view, the appeal is wholly without merit, that Appellant has the right to view the record
and file a pro se appellate brief should he so desire. Counsel further informed Appellant that the
court will be requested to make the record available to him, and to grant an extension of time for
filing of a pro se brief, if Appellant so desired. Appellant did not file a pro se brief.
      After a full examination of the entire proceeding, we conclude that an appeal is frivolous. See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the trial court's judgment.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish